Landon ROSS, Plaintiff—Appellant,

v.

**PRUDENTIAL INSURANCE
COMPANY OF AMERICA,**
Defendant—Appellee.

No. 07–15216.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 21, 2008 *.

Filed Dec. 4, 2008.

Robert R. Beltz, Thomas Said Tomash Zia, Tiffany Fay Friedel, Esq., Ridenour, Hienton, Harper & Kelhoffer, PC, Phoenix, AZ, for Plaintiff-Appellant.

A. Louis Dorny, Esq., Christopher B. Queally, Esq., Wilson Elser Moskowitz Eldelman & Dicker LLP, Los Angeles, CA, for Defendant-Appellee.

Before: CANBY and WARDLAW, Circuit Judges, and MILLS,** District Judge.

### MEMORANDUM ***

Landon Ross seeks long term disability benefits under a plan governed by the Employee Retirement Income Security Act of 1974. A district court conducted a bench trial on the record and found that benefits were not warranted. Ross appeals.

First, Ross argues that the district court erred in discounting Dr. Kemp's credibility after finding collusion. Ross's evidence of error, however, was not before the district court and has been stricken from the record. Accordingly, nothing suggests clear error.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Ross also asserts clear error with respect to the district judge's conclusion that Dr. Kemp's limitations findings conflicted with those of Dr. Rappoport. Instead, he asserts, the opinions could be read as complementary. Even if that is true, however, it is enough that the district court's view of the evidence was plausible. *Correll v. Ryan*, 539 F.3d 938, 960 (9th Cir.2008). In this case, Dr. Rappoport found Ross capable of restricted sedentary work; Dr. Kemp found him incapable of any work. This could plausibly be read as a conflict; thus there was no clear error.

Next, Ross claims that both Prudential and the district court improperly demanded objective evidence regarding his pain allegations. Although the severity of pain may not be rejected because of a lack of objective verification, plan administrators are entitled to seek information on how the alleged impairment actually limited the claimant's functional capacity. *Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869, 876–77 (9th Cir.2004). The district court was correct to find that Ross's failure to provide such evidence undermined his claim. *See id.* at 877–78.

Finally, Ross claims that Prudential was obligated to conduct an independent medical examination ("IME"). The Plan, however, puts the burden of proving limitations squarely on the claimant and provides only that an IME may be sought by Prudential at its expense. Ross fails to explain why the contractual limitation should be judicially modified in this case.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).